O

# United States District Court
# Central District of California

| | |
|---|---|
| OLD REPUBLIC UNION INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LIVEONE, INC.,<br><br>　　　　　Defendant. | Case № 2:24-cv-09759-ODW (AJRx)<br><br>**ORDER GRANTING MOTION TO SET ASIDE DEFAULT [17]; AND DENYING AS MOOT MOTION FOR DEFAULT JUDGMENT [21]** |

## I.　　INTRODUCTION

Defendant LiveOne, Inc. ("LiveOne") moves the Court to set aside the Clerk's entry of default against it. (Mot. Set Aside Default ("MSAD"), ECF No. 17.) Plaintiff Old Republic Union Insurance Company ("Old Republic") concurrently moves the Court to enter default judgment against LiveOne. (Mot. Default J. ("MDJ"), ECF No. 21.) For the reasons stated below, the Court **GRANTS** LiveOne's Motion to Set Aside Default and **DENIES AS MOOT** Old Republic's Motion for Entry of Default Judgment.[1]

---

[1] Having carefully considered the papers filed in connection with the Motions, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.     BACKGROUND

In March 2023, LiveOne rented a property ("The LiveOne House") in a neighborhood zoned for residential single-family homes. (Compl. ¶¶ 10, 18, ECF No. 1.) LiveOne referred to the property as "The LiveOne House" or its "Beverly Hills Studio," and used the property for commercial activity, including hosting music industry events and meetings, and recording podcasts. (*Id.* ¶ 18.)

### A.     The Insurance Policy

Old Republic issued a commercial general liability insurance policy (the "Policy") to LiveOne. (*Id.* ¶¶ 4, 23–25.) The Policy, effective from January 29, 2024, to January 29, 2025, provided coverage for "bodily injury" and "property damage" with a deductible of $500 per "occurrence." (*Id.* ¶¶ 23–24, 26.) The Policy defined "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (*Id.* ¶ 31 Ex. 2 ("Coverage Form")[2] § V(13), ECF No. 1.) The Policy also defined "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time" and "property damage" as "physical injury to tangible property, including all resulting loss of use of that property." (Compl. ¶¶ 28–29; Coverage Form § V(3), (17).)

### B.     The Underlying State Court Action

On July 29, 2024, Michael Kibler and Ann Kibler filed an action, *Kibler et al. v. LiveOne, Inc. et al.*, Case No. 24SMCV02209 (the "Underlying Action"), in Los Angeles Superior Court against LiveOne, Robert Ellin, Joshua Hallbauer, Aidan Crotinger, Splitmind, LLC, Siamak Khakshooy, and Tanaz Koshki. (Compl. ¶ 4 Ex. 1 ("Underlying Compl."), EFC No. 1.)

The Kiblers are a married couple with school-aged children residing in a home next door The LiveOne House. (Underlying Compl. ¶¶ 29, 31.) The Kiblers allege that LiveOne leased The LiveOne House for "illegal commercial activity," including

---

[2] Coverage Form begins on page 194 of the PDF.

"as an office, recording studio, and corporate event space." (*Id.* ¶¶ 53, 58.) The alleged illegal activities have caused, among other things, loud noise and heavy traffic in the neighborhood, blockage to the Kiblers' driveway, and unwanted visitors on the Kiblers' property. (*Id.* ¶¶ 82, 84, 90, 92.) As a result, they suffered harm as property owners because these activities interfered with their use and enjoyment of their property and caused severe emotional distress. (*Id.* ¶¶ 211, 228, 242.) In the Underlying Complaint, the Kiblers assert claims against LiveOne and the other defendants for: (1) violation of municipal zoning laws; (2) public nuisance, (3) private nuisance, and (4) intentional infliction of emotional distress. (*Id.* ¶¶ 208–44.)

**C.     This Action**

On November 12, 2024, Old Republic initiated this action against LiveOne. (Compl.) Old Republic contends it does not owe a duty to defend LiveOne in the Underlying Action because the alleged harm (emotional distress and nuisance) does not qualify as occurrences, bodily injury, or property damage under the Policy. (*Id.* ¶¶ 42–44.) Old Republic seeks (1) declaratory relief to establish that it has no duty to defend or indemnify LiveOne in the Underlying Action, (2) reimbursement for any or all defense or indemnity payments made on behalf of LiveOne, and (3) rescission of the Policy under California Civil Code section 1689(b)(7), California Insurance Code sections 331 and 359, and 28 U.S.C. §§ 2201 and 2202. (*Id*. ¶¶ 39–58.)

On November 18, 2024, Old Republic served Live One with the Summons and Complaint. (Proof Service, ECF No. 9.) Thereafter, the parties stipulated to extend LiveOne's deadline to respond to January 8, 2025. (Stip., ECF No. 10.) LiveOne failed to respond to the Complaint within the stipulated deadline. On January 13, 2025, on Old Republic's request, the Clerk entered default against LiveOne. (Entry Default, ECF No. 15.) On February 5, 2025, LiveOne moved to set aside the Clerk's entry of default. (MSAD.) Thereafter, on February 14, 2025, pursuant to the Court's order, Old Republic moved for default judgment. (MDJ.) The motions are fully briefed. (Opp'n MSAD, ECF No. 22; Reply ISO MDJ, ECF No. 23.)

### III. MOTION TO SET ASIDE DEFAULT

Considering that entry of default is a prerequisite for entry of default judgment, *see generally* Fed. R. Civ. P. 55(b), the Court first considers LiveOne's motion to set aside the Clerk's entry of default against it.

### A. Legal Standard

"The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). District courts consider the following three factors to determine whether there is good cause to set aside the entry of default: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

As judgment by default is a drastic step, "a case should, whenever possible, be decided on the merits." *Falk*, 739 F.3d at 463. "Where timely relief is sought from a default . . . , doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits." *Mendoza v. Wight Vineyards Mgmt.*, 783 F.2d 941, 945–46 (9th Cir. 1986) (second alteration in original) (quoting *Schwab v. Bullock's Inc.*, 508 F.2d 353, 355 (9th Cir. 1974)).

### B. Discussion

LiveOne contends there is good cause to set aside the entry of default because (1) setting aside default would not prejudice Old Republic; (2) LiveOne has meritorious defenses; and (3) LiveOne's failure to respond was not culpable but arose from challenging circumstances during the holiday season and fires in Los Angeles. (MSAD 3–5.)

#### 1. Prejudice

The Court first considers whether setting aside default will prejudice Old Republic. *See Brandt*, 653 F.3d at 1111. A plaintiff is prejudiced if its "ability to pursue [its] claim will be hindered." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d

691, 701 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). "To be prejudicial, the setting aside of a [default] . . . must result in greater harm than simply delaying resolution of the case." *Id.* "[T]he delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* (quoting *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433–34 (6th Cir. 1996)).

LiveOne moved to set aside default less than a month after the Clerk entered default against it and before Old Republic filed its motion for default judgment. (*See* Entry Default (entered on January 13, 2025); MSAD (filed on February 5, 2025); MDJ (filed on February 14, 2025).) Old Republic argues that setting aside default will prejudice it by "having to continue to defend against claims for which there is no potential for coverage." (Opp'n MSAD 8–9.) However, "merely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment." *TCI Grp.*, 244 F.3d at 702; *see also Yagman v. Galipo*, No. 2:12-cv-07908-GW (SHx), 2013 WL 1287409, at *12 (C.D. Cal. Mar. 25, 2013) ("A [p]laintiff is not prejudiced merely by being forced to litigate its claim on the merits."). Old Republic does not argue that the delay would result in "tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *TCI Grp.*, 244 F.3d at 701. Accordingly, this factor weighs in favor of setting aside LiveOne's default.

*2.   Meritorious Defenses*

The second factor asks the Court to consider whether LiveOne raises meritorious defenses against Old Republic's claims. *See Brandt*, 653 F.3d at 1111. The defendant bears the burden to "present specific facts that would constitute a defense." *TCI*, 244 F.3d at 700. However, "the burden . . . is not extraordinarily heavy," *id.*, and the defendant need only present "sufficient facts that, if true, would constitute a defense," *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010). A defense is considered meritorious if

"there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).

LiveOne raises several defenses: (1) Old Republic has a duty to defend if the Underlying Complaint "raises any issues that could potentially support coverage under the [P]olicy"; (2) Old Republic has a duty to defend if the Underlying Complaint "can fairly be amended to state a covered liability"; (3) Old Republic must provide a defense because the Underlying Complaint alleges both intentional and unintentional conduct; and (4) Old Republic improperly disclosed privileged information to the Kiblers that materially prejudiced LiveOne's defense in the Underlying Action. (MSAD 3–5.)

The Court recognizes that LiveOne's arguments are bare, as LiveOne raises several legal arguments without presenting specific facts. LiveOne does, however, supports its arguments by asserting that Old Republic's claims are "factually disputed and overlap with core issues being litigated in the Underlying Action" and disagreeing with Old Republic's definitions of the Policy's coverage. (MSAD 4.) In light of the strong preference for decision on the merits and the potential that the Underlying Action may raise issues that could potentially support coverage under the Policy, the Court finds that LiveOne meets the low bar of demonstrating they may have meritorious defenses such that "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters*, 794 F.2d at 513; *see e.g. Stuart v. County of Riverside*, No. 5:22-cv-00701-SPG (JEMx), 2022 WL 19914302, at *3 (C.D. Cal. Oct. 31, 2022) (finding defendant presented a "bare-bones argument" but declining to weigh this factor against setting aside default considering the "preference for decisions on the merits.").

Therefore, the Court declines to weigh this favor against setting aside the default.

3. *Culpability*

Finally, the Court considers whether LiveOne engaged in culpable conduct leading to the entry of default. *See Brandt*, 653 F.3d at 1111. A defendant "is culpable if [it] has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). "[I]n this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith . . . ." *Mesle*, 615 F.3d at 1092. Even a neglectful failure to answer is not necessarily culpable if the defendant "offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *TCI*, 244 F.3d at 697. Ultimately, a defendant's "careless failure to timely respond to a complaint does not rise to the level of intentional, culpable conduct unless other equitable factors weigh heavily against setting aside a default." *Whitaker v. GGET Larchmont LLC*, No. 2:19-cv-09411-DMG (JCx), 2020 WL 1972291, at *2 (C.D. Cal. Mar. 17, 2020) (citing *Mesle*, 615 F.3d at 1092).

Here, LiveOne's conduct was not culpable. LiveOne submits a declaration from its Chairman and Chief Executive Officer, Robert Eillin, declaring that LiveOne initially believed its counsel in the Underlying Action would also represent LiveOne in this action. (Decl. Robert Ellin ISO MSAD ("Ellin Decl.") ¶¶ 2, 5, ECF No. 17-2.) In December 2024, Ellin learned that its existing counsel could not represent it in this matter, and immediately began searching for new litigation counsel. (*Id.* ¶¶ 6, 8; Decl. Sasha Ablovatskiy ISO MSAD ("Ablovatskiy Decl.") ¶ 4, ECF No. 17-3.) Ellin and Ablovatskiy's statements are supported by the Stipulation to Extend Time to Respond filed on December 5, 2024, wherein the parties represented that LiveOne did not have representation in the Central District of California and required additional time to retain counsel. (Stip. 2.) Thereafter, LiveOne encountered difficulties retaining

counsel due to reduced staff and closures during the holiday season, and subsequent widespread fires in Los Angeles. (MSAD 3; Ellin Decl. ¶¶ 7–8; Ablovatskiy Decl. ¶¶ 5–6.) On January 23, 2025, LiveOne retained new counsel and promptly moved to set aside default. (Decl. Ethan Bearman ISO MSAD ("Bearman Decl.") ¶¶ 4, 9, ECF No. 17-1.) Based on the foregoing, LiveOne presents a plausible explanation for its conduct, and it does not appear that LiveOne acted intentionally or with bad faith. Accordingly, this factor weighs in favor of setting aside LiveOne's default.

### C. Conclusion

On balance, the Court finds that the *Falk* factors weigh in favor of setting aside the entry of default. Accordingly, the Court **GRANTS** LiveOne's Motion to Set Aside Default.

### IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** LiveOne's Motion to Set Aside Default. (ECF No. 17.) Consequently, the Court **DENIES AS MOOT** Old Republic's Motion for Entry of Default Judgment. (ECF No. 21.) LiveOne shall respond to Old Republic's Complaint by no later than **twenty-one days** from the date of this Order.

**IT IS SO ORDERED.**

July 10, 2025

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE